IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA,

v.  Criminal No. 3:05CR214

DAVID ACEVEDO,

Petitioner.

## MEMORANDUM OPINION

David Acevedo, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 124) arguing that his conviction and sentence are invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). The Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 130.) As discussed below, the Court finds that Acevedo's Johnson claim lacks merit and may be dismissed on that ground.

### I. FACTUAL AND PROCEDURAL HISTORY

A grand jury returned a three-count Indictment charging Acevedo with interference with commerce by threats and violence and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Hobbs Act robbery") (Count One), use and carry of a firearm during and in relation to the crime of violence as alleged in Count One and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Two); and, stealing firearms from a licensed firearms dealer, in violation of

18 U.S.C. §§ 922(u) and 2. (Indictment 1-2, ECF No. 1.) On June 15, 2005, Acevedo pled guilty to Counts One and Two of the Indictment. (Plea Agreement ¶ 1, ECF No. 27.) On September 20, 2005, the Court sentenced Acevedo to forty-six months of incarceration on Count One and eighty-four months of incarceration on Count Two to be served consecutively to Count One. (J. 2, ECF No. 73.)

Acevedo filed no appeal. Counsel indicates that, on November 20, 2014, Acevedo was released into Immigrations & Customs Enforcement, where he remained as of the date of filing his § 2255 Motion. (§ 2255 Mot. 3.) Neither party indicates whether Acevedo remains in custody or whether he has been removed from the country at this juncture.[1]

On June 9, 2016, Acevedo filed his § 2255 Motion arguing that his conviction under 18 U.S.C. § 924(c) in Count Two must be vacated in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Thereafter, the Government moved to dismiss, arguing that the § 2255 Motion is barred by the relevant statute of limitations.

---

[1] Nor has either party briefed whether Acevedo's release from criminal custody or his subsequent removal would moot this § 2255 Motion. Nevertheless, because Acevedo was ordered to serve a term of five years of supervised release that will not expire until on or around November 20, 2019, the Court proceeds to the merits of his claim. (ECF No. 73, at 2.)

2

## II. ANALYSIS

### A. Timeliness Argument

Under 28 U.S.C. § 2255(f)(1), Acevedo was required to file any 28 U.S.C. § 2255 motion within one year after his conviction became final. Accordingly, absent a belated commencement of the limitation period, Acevedo's § 2255 Motion is untimely. Acevedo contends that he is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3). Acevedo was convicted of using and carrying a firearm during the commission of a crime of violence, to wit, Hobbs Act robbery and aiding and abetting that offense, in violation of 18 U.S.C. §§ 924(c) and 2. The right which is at the heart of his argument (that the residual clause of § 924(c) is unconstitutionally vague) simply was not a right that was announced in Johnson. Rather, the Supreme Court's holding in Johnson only addressed the residual clause of ACCA. As the Fourth Circuit has observed, although "the Supreme Court held unconstitutionally vague the [residual clause in ACCA], . . . the [Supreme] Court had no occasion to review . . . the residual clause [of § 924(c)]." United States v. Fuertes, 805 F.3d 485, 499 n.5 (4th Cir. 2015). Thus, Acevedo's contention that § 924(c)'s residual clause is unconstitutionally vague was not a right announced by the Supreme Court in Johnson. However, the Supreme

Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019),[2] may call into question the timeliness of Acevedo's § 2255 Motion. The Court need not engage in further discussion of the timeliness of Acevedo's § 2255 Motion because it can be dismissed for lack of merit.

B. Acevedo's Claim Lacks Merit.

Acevedo's Johnson claim plainly lacks merit. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (noting that a district court may summarily dismiss a § 2255 motion where "files, and records 'show conclusively that the movant is not entitled to relief'" (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992))). Acevedo contends that, after Johnson, the offense of Hobbs Act robbery and aiding and abetting that offense can no longer qualify as crimes of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Two must be vacated.

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. Id. § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm,

---

[2] In Davis, the Supreme Court held that the residual clause of § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336.

4

the additional period of imprisonment increases to at least ten years. Id. § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was a felony and satisfied one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

Id. § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in Davis, 139 S. Ct. 2339. However, as explained below, Hobbs Act robbery and aiding and abetting that offense qualifies as a crime of violence under the Force Clause.

A defendant is guilty of Hobbs Act robbery and/or aiding and abetting that offense if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). The statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or

5

>     property of a relative or member of his [or her] family
>     or of anyone in his [or her] company at the time of the
>     taking or obtaining.

Id. § 1951(b)(1). The United States Court of Appeals for the Fourth Circuit has not reached the issue of whether Hobbs Act robbery and/or aiding and abetting that offense satisfies the Force Clause. Nevertheless, this Court has concluded that "[g]iven the veritable 'chorus' of decisions that have found Hobbs Act Robbery to be a crime of violence under the Force Clause . . . that is fatal to [Acevedo's] position." United States v. Jennings, No. 3:18-cr-34, 2018 WL 3341187, at *8 (E.D. Va. July 6, 2018).

Accordingly, consistent with this Court's earlier decisions, see id; see also United States v. Standberry, 139 F. Supp. 3d 734, 737-40 (E.D. Va. 2015), and decisions of many courts of appeal,[3] the Court finds that Hobbs Act robbery constitutes a categorical crime of violence and can therefore serve as the basis for the § 924(c) charge in Count Two.

Lastly, the Court notes that the Fourth Circuit's recent decision in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) does not alter the conclusion that Acevedo's § 924(c) conviction is predicated on a valid crime of violence under the force clause

---

[3] See, e.g., United States v. Hill, 890 F.3d 51, 60 (2d Cir. 2018); United States v. Rivera, 847 F.3d 847, 848-49 (7th Cir. 2017); United States v. Buck, 847 F.3d 267, 275 (5th Cir. 2017); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016); United States v. Moreno, 665 F. App'x 678, 681 (10th Cir. 2016); United States v. House, 825 F.3d 381, 387 (8th Cir. 2016); United States v. Howard, 650 F. App'x 466, 468 (9th Cir. 2016).

of § 924(c)(3)(A). In Simms, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). Id. at 232-33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

Id. at 233-34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. Id. at 236.

As explained above, unlike conspiracy to commit Hobbs Act robbery, Hobbs Act robbery and aiding and abetting that offense, are crimes of violence under the Force Clause because they invariably require the actual, attempted, or threatened use of physical force. United States v. St. Hubert, 909 F.3d 335, 351 (11th Cir. 2018); see Salaam v. United States, Nos. 4:05-cr-01216-RBH-1, 4:16-cv-02248-RBH, 2019 WL 2269932, at *1-3 (D.S.C. May 28, 2019) (finding Hobbs Act robbery and aiding and abetting the same to be a crime of violence under the force clause); United States

7

v. Smith, No. RDB-18-0271, 2019 WL 1099947, at *4 (D. Md. Mar. 8, 2019) (finding same and denying Motion to Dismiss a 924(c) charge on Johnson grounds). Accordingly, Acevedo's claim pursuant to Johnson lacks merit and will be dismissed.

### III. CONCLUSION

The § 2255 Motion (ECF No. 124) will be denied. The Government's Motion to Dismiss (ECF No. 130) will be denied as moot. Acevedo's claim and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Acevedo and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August ___, 2019